UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

Giuliano Botticelli and Assuntina Botticelli,

                    Debtor(s).
-----------------------------------------------------------------x
Valley National Bank successor by merger to
State Bank of Long Island,

                    Plaintiff,

     -against-

Giuliano Botticelli and Assuntina Botticelli,

                  Defendants.
-----------------------------------------------------------------x

Chapter 7

Case No. 13-70167-las

Adversary No. 13-8148-las

## **<u>SECOND AMENDED SCHEDULING AND PRETRIAL ORDER</u>**

This Second Amended Scheduling and Pretrial Order[1] is entered by the Court following a pretrial scheduling conference in the above captioned adversary proceeding held on November 13, 2014 in accordance with Rule 16(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable to this adversary proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").  Christopher Palmieri appeared for the Plaintiff and Seth Choset appeared for the Defendants.

Upon due deliberation, it is hereby ORDERED as follows:

     **1.**     **Discovery Completion Date.**  All discovery shall be initiated so that it will be completed by **February 13, 2015**.

---

[1] This Amended Scheduling and Pretrial Order applies to counsel for all parties and those individuals appearing *pro se* (i.e., unrepresented parties).   A party representing himself or herself must comply with the provisions of this Order.

1

2. **Discovery Dispute.** In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by a joint letter filed on the ECF system. The joint letter shall (a) be non-argumentative, (b) not exceed two (2) pages in length, (c) state the nature of the dispute and (d) request a discovery conference. If the dispute relates to specific interrogatories, documents demands, etc., the parties shall be prepared to submit copies of the discovery request at issue and any response or objection to the Court in advance of the discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute. Should the discovery conference not result in a resolution of the discovery dispute, the Court will order that a motion be filed and briefed.

3. **Settlement.** All counsel must meet in person to discuss settlement or use of alternative dispute resolution ("ADR") within fourteen (14) days after the completion of discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Second Amended Scheduling and Pretrial Order, unless the Court orders otherwise upon the application of any party to the Court.

4. **Summary Judgment.** Any summary judgment motion shall be served and filed with the Court no later than fourteen (14) days after the completion of discovery and must comply with all relevant Bankruptcy Rules and Local Bankruptcy Rule 7056-1. Except as permitted by the Court, the moving and responsive briefs shall be no more than 25 pages, exclusive of the table of contents and table of authorities. Reply briefs shall be no more than 15 pages, exclusive of the table of contents and table of authorities. The filing of a motion for

summary judgment pursuant to this paragraph 4 shall suspend the requirement of the submission of the joint pretrial statement and order set forth in paragraph 7 below.  In that event, the joint pretrial statement and order shall be required on a date to be determined by the Court.  The filing of other motions shall not suspend the requirement to submit the joint pretrial statement and order.

        **5.**     **Additional Pretrial Conferences.**  The Court will hold a pretrial conference on **February 24, 2015 at 10 a.m.**, at which time the Court may schedule such additional pretrial conferences or the final pretrial conference as it deems appropriate.

        **6.**     **Final Pretrial Conference.**  The Court will hold a final pretrial conference to determine the trial date (the parties must be prepared to proceed to trial within thirty (30) days of the date of the final pretrial conference), hear any outstanding motions and consider any other matters appropriate under the circumstances of the case.  The final pretrial conference shall be attended by the attorneys who will conduct the trial for each of the parties, or by parties appearing *pro se*.  The Court expects that the attorneys for each party participating in this final pretrial conference will be prepared to estimate the time necessary for trial and shall have authority to enter into stipulations, to discuss settlement, and to make admissions regarding all matters that the parties may reasonably anticipate to be discussed.  Following the conclusion of the final pretrial conference, the Court may enter orders setting a date for a further pretrial conference, if necessary, a date for filing further proposed pretrial orders or trial briefs, and/or a trial date.

        **7.**     **Joint Pretrial Statement and Order.**  The scope and manner in which the trial will be conducted (including, but not limited to, the issues to be determined at trial, the facts in dispute, the documents to be presented as evidence, and the names of witnesses who will

testify) shall be controlled by the joint pretrial statement and order. The parties are required to prepare and file with the Court a joint pretrial statement and proposed order no later than five (5) days before the final pretrial conference that contains the following information:

    **(a)** **<u>Substance of the Action</u>.** A brief statement of the general nature of the action, including the substance of claims and defenses and a statement of the amount of damages claimed or other relief sought.

    **(b)** **<u>Basis for Jurisdiction, Whether the Case is Core or Non-Core, and Whether the Bankruptcy Judge May Enter Final Orders or Judgment</u>.** The basis for subject matter jurisdiction and whether the case is core or non-core, and if core, whether the Court can enter final orders and judgment. If these matters are disputed, the positions of each of the parties should be explained. Also, state whether the parties consent to the Bankruptcy Judge entering final orders or judgment.

    **(c)** **<u>Undisputed Facts</u>.** A plain and concise statement of all relevant facts to which the parties will stipulate for incorporation into the trial record without supporting testimony or exhibits. The parties shall exercise good faith in stipulating to facts that are not reasonably disputable.

    **(d)** **<u>Disputed Facts</u>.** A plain and concise list of the issues of fact that are contested and remain to be litigated at trial. No fact should be disputed unless counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds. Evidence at trial will be limited to these issues. To the extent the parties are unable to agree on the facts, the joint pretrial statement and order should set forth each party's version of the facts.

    **(e)**  **Stipulations**.  A statement of proposed stipulations or agreements that will expedite the presentation of evidence.

    **(f)**  **Disputed Legal Issues.**  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and case law (including a brief statement regarding which party has the burden of proof on each legal issue).

    **(g)**  **Witnesses to be Called.**  A list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal, and a brief statement following each name describing the substance of the testimony to be given.  The witnesses should be listed in the order to be called.  No party shall be permitted to call any witness in its case-in-chief who is not disclosed in the pretrial statement without leave of the Court.  The statement by a party that a witness will be present may be relied upon by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain the testimony of the witness.

    Any expert witness must be identified on the witness lists as provided herein, and shall include a summary of such expert's proposed testimony and qualifications, consistent with the provisions of Fed. R. Civ. P. 26(b)(4), along with the expert witness's report prepared under Fed. R. Civ. P. 26(a)(2)(B).  If no such report exists, the witness list shall include a statement of the subject matter on which such expert shall testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**(h)** **Direct Testimony.** Whether it is appropriate to introduce the direct testimony of any party by affidavit or declaration under penalty of perjury (subject to oral cross-examination and re-direct).

**(i)** **Trial Exhibits.** A list of exhibits to be introduced at trial, in the sequence proposed to be introduced, other than solely for impeachment or rebuttal, and a brief statement following each that describes (1) its substance or purpose, (2) the identity of the sponsoring witness, and (3) whether the parties have stipulated to its admissibility and, if they have not, the objection to its admission, the grounds for the objection, and the position of the offering party. Any papers in the Court's file of which a party intends the Court to take judicial notice, or other facts that are proper for judicial notice under Fed. R. Evid. 201, must be reproduced and included as exhibits. The parties shall also submit a statement confirming the fact that the parties have exchanged copies of the exhibits and used their best efforts to agree on a joint exhibit book.  The original and two copies of all exhibits (assembled in binders and appropriately tabbed or otherwise identified) shall be submitted to the Courtroom Deputy, Christine Moffett, at the same time as submission of the joint pretrial statement and order. Trial exhibits are not to be filed on the CM/ECF.  Failure to exchange and submit exhibits in a timely fashion may result in the Court denying admission of the exhibits.  At trial, the proponent of an exhibit shall provide copies, pre-marked for identification, for all opposing counsel and for the witness stand.  The exhibits shall be pre-marked, with the Plaintiff's exhibits marked by number and the

Defendants' exhibits marked by letter. All pre-marked exhibits shall be assembled in binders and appropriately tabbed or otherwise identified.

**(j)** **Separate Trial of Issues.** Whether either party request a separate trial of specific issues and why.

**(k)** **Use of Discovery Responses.** Citations to all evidence that a party might introduce at trial, other than that to be used solely for impeachment or rebuttal, that was obtained from deposition testimony, interrogatory responses, or responses to requests for admission (which shall be designated by page the portion of such deposition testimony and by number the interrogatories/requests for admissions which shall be offered into evidence at trial). Counsel shall state any objection to the use of these materials and shall certify that they have conferred regarding such objections. Counsel shall separately file a document containing each disputed discovery response or deposition testimony excerpt, and as to each shall state the objection to its admission, the grounds for the objection, and the position of the offering party. A copy of any transcript used for impeachment or refreshing recollection shall be provided to the Court and opposing counsel at the time the transcript is used during trial.

**(l)** **Estimate of Trial Time.** An estimate of the number of hours or days needed for trial.

**(m)** **Settlement Discussion.** A brief summary of the status of settlement negotiations, without indicating specific dollar amounts, and an indication of whether further negotiations are likely to be productive and what, if anything, would facilitate settlement.

7

        **(n)**    <u>**Trial Counsel.**</u> List the name and telephone number of counsel who will try the case for the respective parties.

    **9.**    **Binding Effect of the Joint Pretrial Statement and Order.** Failure to submit timely the joint pretrial statement and order and exhibits may result in the Court's striking the proceeding from its calendar. The joint pretrial statement and order may not be amended after submission without a showing of good cause by the party proposing the amendment. Parties are bound by the joint pretrial statement and order. The joint pretrial statement and order shall be signed by Plaintiff's counsel and Defendants' counsel, and, if applicable, by any party appearing *pro se*.

    **10.**    **Direct Testimony.** Written direct examination may not be used for trial unless the Court orders otherwise. If the Court determines that written direct examination may be used, the following procedure shall apply: No later than seven (7) days before the trial date, the parties shall exchange and file with the Court, declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and re-direct, or have sought the Court's permission to examine direct witnesses at trial. If part of a witness' declaration or affidavit concerns an exhibit to be admitted into evidence, the exhibit must be attached to the declaration or affidavit. Each party shall notify opposing counsel in writing three (3) days before the trial date if it intends to object to the introduction of an affidavit or declaration served by the opposing party. The Court will rule on evidentiary objections to the declaration or affidavit at the time of trial.

    **11.**    **Pretrial Evidentiary Motion.** Any final pretrial evidentiary motion must be filed with the Court at the same time as the submission of the joint pretrial statement and

order and will be heard at the final pretrial conference or at such other time as the Court may direct.

**12.    Continuances and Settlement.**  Once set by the Court, trial dates are to be regarded as firm.  Continuances are disfavored.  For example, the Court will rarely continue a trial because the parties have "settled in principle." A stipulation of settlement or a stipulated dismissal will ordinarily be required.  Plaintiff[s] shall immediately notify Chambers upon the settlement, dismissal or other resolution of the adversary proceeding and shall file with the Court appropriate evidence of such resolution as soon thereafter as feasible.

**13.    Amendments to this Second Amended Scheduling and Pretrial Order.**  The deadlines set forth in this Second Amended Scheduling and Pretrial Order cannot be amended by stipulation or otherwise. Deadlines contained in this Second Amended Scheduling and Pretrial Order may be extended only by the Court and only upon written motion for good cause shown.  In addition, a request for an extension of the discovery completion date set forth in paragraph 1 of this Second Amended Scheduling and Pretrial Order shall specifically explain (a) what discovery has already been completed, (b) what discovery remains to be done, and (c) why the parties were unable to comply with the preexisting deadline.  Parties should not wait for the deadlines to expire before seeking the Court's permission for an amended Scheduling and Pretrial Order.

**14.    Service of a Copy of this Second Amended Scheduling and Pretrial Order.**  Plaintiff's attorney shall serve copies of this Second Amended Scheduling and Pretrial Order upon all parties to this adversary proceeding and upon any other party entitled to notice within five (5) days after the date of this Second Amended Scheduling and Pretrial Order and shall file proof of such service.

**15. Compliance.** Failure to comply with this Second Amended Scheduling and Pretrial Order may result in dismissal or other sanctions being imposed, as the circumstances warrant, in accordance with Fed. R. Civ. P. 16, made applicable to this adversary proceeding by Bankruptcy Rule 7016. If delay or other act of omission on the part of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.

Dated: December 3, 2014
Central Islip, New York

/s/ Louis A. Scarcella
**Louis A. Scarcella**
**United States Bankruptcy Judge**